ORIGINAL

# In the United States Court of Federal Claims

No. 18-147C

(Filed: June 22, 2018)

```
************************************
                                    *
DYRISHA R. MCKNIGHT,                *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
************************************
```

**FILED**

**JUN 2 2 2018**

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Ms. McKnight's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On April 19, 2018, the Government filed a motion to dismiss Ms. McKnight's complaint. Dkt. No. 12. Ms. McKnight failed to respond to the Government's motion by the Court's May 17, 2018 deadline. On May 30, 2018, the Court issued an order directing Ms. McKnight to respond to the Government's motion by June 11, 2018, including a statement explaining why the Court should not dismiss Ms. McKnight's complaint for failure to prosecute. Dkt. No. 13. In its order, the Court warned Ms. McKnight that failure to comply with the Court's order would result in dismissal of her complaint. Id. Ms. McKnight did not file a response on or before June 11, 2018.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Here, Ms. McKnight has failed to respond to the Government's motion to dismiss and to

the Court's show cause order.  Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot.  The Clerk is directed to enter judgment for the Government.

THOMAS C. WHEELER
Judge

2